**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
-

| | |
|---|---|
| DANIEL MOYLE, ROY WELSH, CARLOS PALAGUACHI, ROBERT SANTIAGO, AHMED RADWAN, TYLER LILLY, TRAVIS STEELE, and WARREN PAYNE, individually and on behalf of others similarly situated, | : Docket No. 1:24-cv-3880 |

: **NOTICE OF REMOVAL**

:

Plaintiffs,

Removed from:

-against-

Supreme Court of the State of New York, Kings County, Index No.: 503187/2024

UNITED PARCELS SERVICE, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**TO:    CHIEF JUDGE AND JUDGES OF**
   **THE UNITED STATES DISTRICT COURT**
   **FOR THE EASTERN DISTRICT OF NEW YORK**

**ON NOTICE TO:**

   Tyrone A. Blackburn, Esq.
   T.A. Blackburn Law, PLLC
   1242 E. 80th Street, 3rd Floor
   Brooklyn, New York 11236
   *Attorneys for Plaintiffs Daniel Moyle, et als.*

   Hon. Nancy T. Sunshine, Clerk
   Clerk of Supreme Court, Kings County
   Supreme Court Building
   360 Adams Street, Room 189
   Brooklyn, New York 11201

**HONORABLE JUDGES:**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant United Parcel Service, Inc.

(improperly pled as "United Parcels Service, Inc.") ("UPS" or "Defendant") by and through its

1

attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby files this Notice of Removal with respect to the case identified as *Moyle, et al. v. United Parcels Service, Inc.,* Index No. 503187/2024, from the Supreme Court of the State of New York, Kings County, pursuant to the Class Action Fairness Act of 2005 ("CAFA").  For the purposes of this Notice of Removal only, UPS analyzes the allegations in the underlying Class Action Complaint ("Complaint") as though they are true; however, UPS denies such allegations, including, but not limited to, any and all allegations of illegal conduct and wrongdoing.  In support of this Notice of Removal, UPS states as follows:

## I.      TIMELINESS OF REMOVAL

1.      On or about March 18, 2020, Plaintiffs Daniel Moyle, Roy Welsh, Carlos Palaguachi, Robert Santiago, Ahmed Radwan, Tyler Lilly, Travis Steele, and Warren Payne filed a civil action against UPS in the U.S. District Court for the Eastern District of New York, entitled *Murray, et al. v. UPS, et al.,* Docket No. 1:20-cv-1427 (the "First Federal Court Action").

2.      On October 26, 2023, the First Federal Court Action was dismissed without prejudice.

3.      A true and correct copy of the First Federal Court Action (a) Civil Cover Sheet; (b) Complaint; (c) Proof of Service; and (d) Order dismissing same are attached hereto as **Exhibit A**.

4.      Pursuant to CPLR § 205(a), those plaintiffs from the First Federal Court Action had six months from October 26, 2023 (*i.e*., until April 26, 2024) to refile and serve their claims.

5.      On January 31, 2024, Daniel Moyle, Roy Welsh, Carlos Palaguachi, Robert Santiago, Ahmed Radwan, Tyler Lilly, Travis Steele, and Warren Payne (collectively, the "Named Plaintiffs") filed a civil action against Defendant UPS in the Supreme Court of New York, Kings County, entitled *Moyle, et al. v. UPS*, Docket No. 503187/2024 (the "State Court Action"). The

Named Plaintiffs purport to bring the State Court Action on behalf of themselves and others who they claim are similarly situated (the "Putative Class").

6.      The Summons and Complaint filed in the State Court Action were not served on UPS until May 2, 2024, when Plaintiff effected service by delivering a copy of the Summons and Complaint to UPS's registered agent for service of process.  True and correct copies of the (a) Notice of Service of Process, (b) Summons, (c) Complaint, (d) Certificate of Merit, and (e) Attorney Verification are attached hereto as **Exhibit B**.

7.      The documents attached as Exhibit B are the only process, pleading, or order known by UPS to have been served in the State Court Action.

8.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after UPS was served with the Summons and Complaint in the State Court Action.

## II.      VENUE

9.      The Supreme Court of New York, Kings County, is located within the U.S. District Court for the Eastern District of New York.  Therefore, venue for the purposes of removal is proper in this venue under 28 U.S.C. § 1446(a) because the Court is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## III.      REMOVAL IS PROPER BECAUSE THIS COURT HAS CAFA SUBJECT MATTER JURISDICTION

10.      This cause is a civil action within the meaning of the Acts of Congress relating to removal of causes.

11.      As set forth below and in the Declarations of Neil Simon ("Simon Dec."), and Warren Pandiscia ("Pandiscia Dec.")[1], the claims alleged in the Complaint are all removable under

---

[1] The Court may consider matters outside of the Complaint when determining whether subject matter jurisdiction exists. See M.E.S., Inc. v. Snell, 712 F.3d 666, 671 (2d Cir. 2013).

CAFA, 28 U.S.C. § 1332(d), *et seq*. This action meets the requirements for removal under CAFA because the putative class exceeds 100 members, diversity of citizenship exists, the $5,000,000 amount in controversy requirement is satisfied, and none of the exceptions to CAFA apply.

**A.     The Named Plaintiffs' Purported Class Action Consists of More Than 100 Putative Class Members**

12.     The Named Plaintiffs purport to bring this action on behalf of themselves and all "all Delivery Drivers in the state of New York." Comp. at ¶ 6. In their Complaint, the Named Plaintiffs allege that the Putative Class is "so numerous that the joinder of all members is impracticable," and that as many as "ten thousand (10,000)" present and former employees could be impacted. See Id. at ¶¶ 30, 222. Named Plaintiffs later allege that they are confident that there are "over one hundred" package delivery drivers in at least 20 locations in New York, but that they personally worked at least 4 of those locations, and have personal knowledge that there are over 400 other package delivery drivers who fall within the Putative Class. Id. at ¶ 226. See also Pandiscia Dec. at ¶ 6 (attesting that there were more than 400 Service Providers assigned to New York City work locations in each of the past six years). Named Plaintiffs purport to bring claims on behalf of "all persons who work or have worked as delivery drivers for Defendant Corporation in the State of New York between 2014 and the date of final judgment in this matter." Id. at ¶ 29.

13.     Based on Plaintiff's estimates regarding active and former Service Providers assigned to locations in New York and UPS's confirmation of more than 400 active and former Service Providers assigned to locations in New York City alone for the past six years, the aggregate number of Putative Class members easily exceeds 100 individuals, satisfying the requirement of 28 U.S.C. § 1332(d)(5)(B).

**B.     Diversity of Citizenship Is Established**

14.     Named Plaintiffs Moyle, Palagauchi, Payne, Santiago, Radwan, Steele, and Lilly

4

are all citizens of New York.  See Comp. at ¶¶ 12, 14-19.  Named Plaintiff Welsh is a citizen of

Louisiana.  Id. at ¶ 13.  UPS is a corporation incorporated under the laws of the State of Ohio,

whose principal place of business is located in Atlanta, Georgia.  See Simon Dec. at ¶¶ 3-4; Comp.

at ¶ 28.  Accordingly, this action meets the diversity of citizenship requirements of CAFA because

"any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C.

§ 1332(d)(2)(A).

### C.    The Amount in Controversy Requirement Is Satisfied

15.    While the Named Plaintiffs' Prayer for Relief does not specify an amount sought

as damages for each of the Class Plaintiffs, Named Plaintiffs estimate that there are "potentially

over ten thousand (10,000) impacted drivers" and assert that each has a claim to unpaid overtime.

See Comp. at ¶ 222.  Named Plaintiffs assert that they suffered underpayment, on average, of seven

hours of unpaid overtime per week.  See Comp. at ¶ 224.  In a year long period, that assertion

results in approximately 336 hours of unpaid overtime per Putative Class member.  Service

Providers at UPS are members of the International Brotherhood of Teamsters Union, and their

wages are set by a collective bargaining agreement ("CBA").  See Pandiscia Dec. at ¶ 3.

Teamsters' Local No. 804 is the representative for New York-based Service Providers, and their

hourly wage rate is set forth in a supplemental CBA covering those workers.  See Pandiscia Dec.

at ¶ 4.  During the period 2018-2023, the *starting* hourly, non-overtime rate for a brand new Service

Providers under the CBA was no less than $21.00 per hour (with the highest rate for Service

Providers with more years of service set at $40.370).  See Pandiscia Dec. at ¶ 5.

16.    Accordingly, overtime rates for the Putative Class members can reasonably be

estimated at between $31.50 and $60.55 per hour (1.5 x $21.00, and 1.5 x $40.370).  Using the

lowest possible overtime rate of $31.50 per hour, and applying the Named Plaintiffs' assertion that

an average of 336 hours of overtime went unpaid each year, that amounts to $11,529 per year in

unpaid overtime (minimum) for each Putative Class member (and likely much more, given that

most Service Providers did not earn the starting wage rate, or earned it for, at most, one year of the

class period).  Accordingly, this estimate of the amount Named Plaintiffs have put at issue is

conservative. Accepting Named Plaintiffs' assertions that there are 10,000 Putative Class

members, who are each owed at least $11,529 per year, and their intent to seek damages for the

last 10 years, the Complaint puts at issue $1,152,900,000 (10,000 x $11,529 x 10).  Even if this

Court only considers the last six years since this action was filed, Named Plaintiffs still have put

at issue an amount that satisfies the jurisdictional amount under CAFA (10,000 x $11,529 x 6 =

$691,740,000).

17.    Accordingly, the amount in controversy in this matter far exceeds $5,000,000 and

this action meets the amount in controversy requirement under the CAFA. 28 U.S.C. § 1332(d)(2).

**D.    No CAFA Exception Applies**

18.    CAFA contains jurisdictional exceptions, none of which apply to the present case.

Cf. Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57 (2d Cir. 2006) ("Congress enacted CAFA with

the purpose of, *inter alia*, expanding the availability of diversity jurisdiction for class action

lawsuits.").  "Consistent with Congress's aim to interpret CAFA broadly, as reflected in the

legislative history, all of CAFA's exceptions are to be interpreted narrowly." New Jersey

Carpenters Vacation Fund v. HarborView Mortgage Loan Trust 2006-4, 581 F. Supp. 2d 581, 588

(S.D.N.Y. 2008) (citing legislative history).  Having established that the general requirements of

CAFA jurisdiction are satisfied, the Named Plaintiffs bear the burden of establishing that they are

eligible for one of CAFA's exceptions as enumerated in 28 U.S.C. § 1332(d)(3)-(5). See

Blockbuster, 472 F.3d at 58.  The Named Plaintiffs cannot meet their burden to prove that any of

CAFA's exceptions apply, should they seek to do so.

### 1. The "Local Controversy Exception" Under 28 U.S.C. § 1332(d)(4)(A) Does Not Apply; UPS Is Not a Citizen of New York.

19.    The "Local Controversy Exception" does not apply to the present case because the Named Plaintiffs cannot meet each of the elements of this exception, including the requirement that at least one defendant "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class" is a citizen of New York State.    *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II).[2]

20.    Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."    The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. Hertz Corp. v. Friend, 559 U.S. 77 (2010).    Hertz confirmed that the "'principal place of business' [as contained in § 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."    *Id.* at 1184.    The Court further clarified the principal place of business was the place where the corporation "maintains its headquarters - provided that the headquarters is the actual center of direction, control and coordination."    *Id.*

---

[2]  28 U.S.C. § 1332(d)(4) states that "[a] district court shall decline to exercise jurisdiction under [CAFA]":
    (A)(i) over a class action in which--
                (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
                (II) at least 1 defendant is a defendant--
                        (aa) from whom significant relief is sought by members of the plaintiff class;
                        (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
                        (cc) who is a citizen of the State in which the action was originally filed; and
                (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
    (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]

21.     UPS is now, and was at the time of the filing of this action, a citizen of a state other than New York or Louisiana within the meaning of 28 U.S.C. § 1332(c)(1).  Specifically, UPS, at the time this action was commenced, was (and is still) incorporated under the laws of the State of Ohio, with its principal place of business in the State of Georgia. See Simon Dec. at ¶¶ 3-4.

22.     Thus, UPS was not and is not a citizen of the State of New York but, rather, is a citizen of the State of Ohio and/or the State of Georgia for the purpose of determining jurisdiction.

## 2. The "Home State Exception" Under 28 U.S.C. § 1332(d)(4)(B) Does Not Apply.

23.     The "Home State Exception" does not apply to the State Court Action because UPS, the (only) "primary defendant[]," is not a citizen of New York. See 28 U.S.C. § 1332(d)(4)(B). In pertinent part and as applied here, the "Home State Exception" requires that *all* "primary defendants" be citizens of New York, where the State Court Action was filed.  See id.; Hart v. Rick's NY Cabaret Int'l, Inc., 967 F. Supp. 2d 955, 967-68 (S.D.N.Y. 2014) ("For the exception to apply in this case, . . . the 'primary defendants' must have been citizens of New York."); Sorrentino v. ASN Roosevelt Ctr., LLC, 588 F. Supp. 2d 350, 359 (E.D.N.Y. 2008) ("Courts that have addressed the issues of primary and secondary defendants in the context of CAFA have defined the term 'primary defendants' as those parties that are directly liable to plaintiffs and secondary defendants as parties joined under theories of vicarious liability or for purposes or contribution or indemnification.") (internal citations omitted).

24.     While UPS has facilities in New York, its contact with New York is no greater than its contact with any other State.  See Hertz Corp., 559 S. Ct. at 1192 (finding corporation's principal place of business to be the "place where a corporation's officers direct, control, and coordinate the corporation's activities").

25.     As discussed above and conceded by Named Plaintiffs, UPS is a corporation

incorporated under the laws of the State of Ohio, with corporate headquarters in Atlanta, Georgia. See Simon Dec. at ¶¶ 3-4; Comp. at ¶ 28.

26.     Further, UPS's executive and administrative functions are centralized in Atlanta, Georgia, which houses its corporate headquarters.  The senior leaders responsible for the day-to-day management of UPS's business reside in Atlanta. See Simon Dec. at ¶ 4.

27.     UPS also maintains its corporate records and files in Atlanta, Georgia, prepares and files its federal income taxes in Atlanta, and holds itself out to the public as maintaining corporate headquarters in Atlanta.  See Simon Dec. at ¶ 5.

28.     Because the locus of UPS's corporate and decision-making functions resides in Atlanta, there is complete diversity between UPS and the potential Class Plaintiffs.

### 3.  The "Interests of Justice Exception" Under 28 U.S.C. § 1332(d)(3) Does Not Apply

30.     As with the "Home State Exception" and the "Local Controversy Exception," the "Interests of Justice Exception" is inapplicable here because UPS, as the "primary defendant," is not a citizen of New York. See 28 U.S.C. § 1332(d)(3) ("A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercised jurisdiction under [Section 1332(d)(2)] over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate *and the primary defendants are citizens of the State in which the action was originally filed* based on consideration of [6 factors]") (emphasis added).[3]

31.     As established, UPS is the "primary defendant" in this action (indeed, it is the only defendant).  Accordingly, the threshold citizenship requirement of 28 U.S.C. § 1332(d)(3) is not

---

[3] This Notice of Removal does not discuss the six factors because the threshold citizenship requirement of 28 U.S.C. § 1332(d)(3) has not been met.

9

met and this discretionary exception is inapplicable to the State Court Action.  See Romano v. SLS

Residential, Inc., 812 F.Supp.2d 282, 289 (S.D.N.Y. 2011) (minimum requirements for "interests

of justice" exception to CAFA jurisdiction not met because "primary defendant" was not citizen

of New York).

### III.    PROCESS, PLEADINGS, AND ORDERS SERVED

32.    The Summons, Complaint, and other initiating documents attached as Exhibit B

herein represent all of the Process, Pleadings and Orders served on UPS in the State Court Action

at the time of removal.

33.    To date, UPS has not filed a responsive pleading in the State Court Action, and no

other proceedings have transpired.

34.    In accordance with 28 U.S.C. §1446(d), copies of this Notice of Removal have been

served upon the Named Plaintiffs, and filed with the Clerk of the Supreme Court of the State of

New York, Kings County.

### IV.    CONCLUSION

35.    Because this civil action is between citizens of different states and the amount in

controversy exceeds $5,000,000, exclusive of interest and costs, UPS respectfully requests this

Court exercise its removal jurisdiction over this action.

36.    In the event this Court has a question regarding the propriety of this Notice, UPS

requests the Court set an evidentiary hearing so that it may have an opportunity to more fully brief

the Court on the basis for this removal.

WHEREFORE, UPS respectfully requests that this Court take jurisdiction of this action

pursuant to CAFA and issue all necessary orders and process to remove said action from the

Supreme Court of New York, Kings County, to the U.S. District Court for the Eastern District of

New York.

<div style="margin-left: 50%;">

Respectfully Submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
*Attorneys for Defendant United Parcel
Service, Inc.*

</div>

By:    */s/ Leslie A. Lajewski*
              Leslie A. Lajewski, Esq.
              10 Madison Avenue, Suite 400
              Morristown, New Jersey 07960
              Phone: (973) 656-1600

Dated: May 30, 2024           leslie.lajewski@ogletree.com

**CERTIFICATE OF SERVICE**

I am over the age of 18 and not a party to this action. On this date, I served a true copy of

the attached:

**NOTICE OF REMOVAL**

on the party listed below, via overnight mail and email, sent to Plaintiff's attorney of record at the

last known address as follows:

> Tyrone A. Blackburn, Esq.
> T.A. Blackburn Law, PLLC
> 1242 E. 80th Street, 3rd Floor
> Brooklyn, New York 11236
> tblackburn@tablackburnlaw.com
> *Attorneys for Plaintiffs Daniel Moyle, et als.*

and, via overnight mail, upon

> Hon. Nancy T. Sunshine
> Clerk of Supreme Court, Kings County
> Supreme Court Building
> 360 Adams Street, Room 189
> Brooklyn, New York 11201

I declare under penalty of perjury that the foregoing is true and correct.

<div align="right">

*/s/ Leslie A. Lajewski*
Leslie A. Lajewski, Esq.

</div>

Dated:  May 30, 2024

62408889.v1-OGLETREE