

# T. A. BLACKBURN LAW

TYRONE A. BLACKBURN

MEMBER OF
NY, DC, & NJ BAR

FEDERAL MEMBERSHIP
EDNY, NDNY, SDNY, & DNJ

1242 EAST 80TH STREET, 3RD FLOOR
BROOKLYN, NY 11236

June 19, 2024

**Via ECF**
Honorable Judge LaShann DeArcy Hall, U.S.D.J.
United States District Court,
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

~and~

Honorable Judge James R. Cho, U.S.M.J.
United States District Court,
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Daniel Moyle, et al. v. United Parcels Service, Inc., et al., No. 1:24-cv-3880**

Dear Judges Hall and Cho:

     This law firm represents Plaintiffs Daniel Moyle, Roy Welsh, Carlos Palaguachi, Robert Santiago, Ahmed Radwan, Tyler Lilly, Travis Steele, and Warren Payne ("Plaintiffs") in the above-referenced matter. I write in response to Defendant's June 6, 2024 letter. I also request oral argument, as this issue is unique and requires explanation beyond the papers.

     At the onset, I apologize to the Court for my delay in filing my opposition to the motion to dismiss. As I explained to the Defendants' Counsel, my electronic devices were all hacked, and all my case files were deleted. I am in the middle of four high-profile cases against Sean Combs and several record labels. I was not the only victim of this hacking; Counsel for another plaintiff and her client were also hacked.

     Furthermore, I would like to inform the Court that the Plaintiffs are in the process of finalizing their motion to remand this case to the State Court, as we believe the Defendant moved the case to Federal Court in bad faith after Chief Judge Margo Brodie dismissed the prior federal Complaint without prejudice for lack of subject matter jurisdiction. The Defendant's CAFA argument is flawed, and that point will be abundantly clear in the Plaintiff's Motion for Remand. The Defendants cannot overcome the hurdles of 28 U.S.C.S. § 1332(d)(3) and (d)(4), which requires this case to be remanded to State Court:

1. This case is New York State-specific with no national implications, which is a fact the Defendant cannot dispute.

 347-342-7432   tblackburn@tablackburnlaw.com    TABlackburnlaw.com

T. A. BLACKBURN LAW

2. The pleading was written to avoid Federal jurisdiction. During a conference with Magistrate Judge Lois Bloom, the Plaintiffs made it clear that they would oppose any CAFA removal, as we did not believe that CAFA applied in this case.
3. No out-of-state laws will be implicated in this class action, as New York state wage-an-hour laws do not adhere to the Federal Motors Carriers Act (FMCA) standard. This is a fact the Defendant cannot dispute. Furthermore, Chief Judge Margo Brodie highlighted this fact in her 58-page opinion denying the Defendants' motion to dismiss.
4. Upon information and belief, no other NYS class action has been filed during the three years preceding the filing of this class action, or one or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.
5. More than two-thirds of the members of this proposed class are all NYS residents.
6. The injuries alleged by the members of this proposed class were all incurred in the state of New York and no other State, which is a fact the Defendant cannot dispute.

CAFA expanded federal jurisdiction to permit a defendant to remove a class action or mass action to federal Court, notwithstanding the absence of the complete diversity or federal question typically required for removal. The statute grants federal courts jurisdiction over only those class actions involving 100 or more class members, an aggregate amount in controversy greater than $5,000,000, and minimal diversity, i.e., where at least one Plaintiff and one Defendant are citizens of different states, 28 U.S.C.S. §§ 1332(d)(2), 1332(d)(5). Such removal is subject to the general remand statute, 28 U.S.C.S. § 1447, which authorizes district courts to remand those cases that do not meet CAFA's threshold requirements, 28 U.S.C.S. § 1453(c)(1). Typically, an order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, 28 U.S.C.S. § 1447(d). *Krasner v. Cedar Realty Tr., Inc.*, 86 F.4th 522, 524 (2d Cir. 2023).

We also respectfully request that the Court stay the pre-motion letter filed by Defendants on June 6, 2024, until the issue of Remand is addressed.

I. **The Plaintiffs filed their Complaint on January 28, 2024. The Defendants were notified of the filing on February 12, 2024. Unfortunately, the Process Server's deceptive practices resulted in a delayed service of the summons and Complaint**:

The Plaintiff's timely refiled his case in Kings County Supreme Court on January 28, 2024. On February 12, 2024, this writer contacted Leslie Lejawski, Counsel for UPS, and Laura Watanabe, Counsel for individual defendants Lloyd Hall and William Grey (they are not party to this action). This writer notified the Defendants that several lawsuits were filed in Kings County Supreme Court, including one for the Plaintiffs. The attached affidavit of Tyrone A. Blackburn thoroughly details what occurred. It provides the Court with relevant case law demonstrating that the Plaintiffs were not negligent in perfecting service and deserve a limited extension of 5 days to perfect service. The May 2, 2024, service of this summons and Complaint was timely served within 120 days as required by CPLR § 306-b.

///
///
///

II. **Defendants' Motion to Dismiss Must Be Denied On Several Grounds**:

    a. <u>Defendants were On Notice</u>:

The Defendants have been on notice of this lawsuit and its claims for several years. This case was before Chief Judge Margo Brodie and Magistrate Judge Lois Bloom. The defendants filed several motions and failed to have the case dismissed.

The defendants fully participated in all aspects of the litigation and were aware of the Plaintiff's plan to refile in New York State Court, Kings County. During our last hearing, the Defendants even informed the Court that they intended to remove the class action from Kings County and return it to the Eastern District of New York under CAFA. On February 12, 2024, Defendants were notified of the filing and asked if they intended to waive service. This fact is conveniently absent from the Defendant's letter motion. *See Shuford v. City of New York*, No. 17-cv-6349, 2020 U.S. Dist. LEXIS 103454, 2020 WL 3129262, at *2 E.D.N.Y. June 12, 2020 "explaining that extending the service deadline is proper when defendants have actual notice of plaintiff's lawsuit before the statute of limitations has expired." *Patel v. Singh*, 2023 U.S. Dist. LEXIS 33172, *18.

    b. <u>The Process Server misled the plaintiffs' Counsel</u>:

As detailed in the Tyrone Blackburn Affidavit, this writer was made to believe that the service of process was completed on April 7, 2024. I paid for priority service, which guaranteed service of the process to be completed by April 7, 2024. I have used We Serve Law for over four years and have never experienced any service delays or issues in the past. I had no reason to believe that We Serve Law had deceived me.

In *Valeri*, 1989 U.S. Dist. LEXIS 3719, 1989 WL 37676, the Court found that the Plaintiff had established enough of a showing of good cause to warrant an extension to time to permit the Plaintiff to serve process again, even though the Plaintiff's process server probably made "sewer service" on the Defendant. The Plaintiff made no subsequent attempts to effect service. The process server had sworn (apparently falsely) that service had been completed, and the Court concluded that the Plaintiff was reasonable in relying on this information. Because Plaintiff was unaware of the defect in service until after the default was entered, well past the 120-day limit of Rule 4(m), the Court vacated the default judgment, denied Defendant's motion to dismiss, and granted Plaintiff 60 days to effect service. *Hawthorne v. Citicorp Data Sys.*, 219 F.R.D. 47, 51.

    c. <u>There is no harm to defendants by a 5-day delay in service</u>:

Absent from the Defendant's letter is any explanation of how a five-day delay in the timely service of the summons and Complaint, according to CPLR § 205 (a), caused them to suffer harm. The Defendants were timely served according to CPLR § 306-b. New York State and Federal Courts have routinely compelled the defendants to accept service of the summons and Complaint where the delay is no longer than a few days. In a delay in services where the delay in the service of the Complaint is no longer than a few days, the courts readily compel the Defendant to accept a complaint untimely served unless the Defendant can show the delay has prejudiced it. *Imperiale v. Prezioso, 4 Misc*. 3d 716, 716, 781 N.Y.S.2d 580, 581 (Sup. Ct. 2004). Since Plaintiff served Defendant a mere 17 days after her time to serve had expired, Defendant will suffer little, if any, prejudice as a result of the delay in service. As such, I find that these factors warrant a discretionary

## T. A. BLACKBURN LAW

extension of time and hereby deem Plaintiff's service of the summons and Complaint upon Defendant on August 6, 2004, as timely. *Mares v. United States*, No. 13-CV-6187-CJS, 2014 U.S. Dist. LEXIS 77465, at *19 (W.D.N.Y. June 5, 2014).

Here, the defendants acknowledged receipt of the summons and Complaint five days after the deadline for service. They also acknowledged that the claims in this case were identical to the claims in the prior action that was filed in the Eastern District of New York and were dismissed for lack of subject matter jurisdiction by Chief Judge Margo Brodie. Conveniently absent from the Defendant's letter is that they were provided notice (A copy of the filed summons and Complaint) of the filing in February and refused to waive the service of process.

The defendants attempt to squeak out a cheap victory after several defeats. On September 25, 2022, Chief Judge Margo Brodie published a 58-page memorandum and order thoroughly denying the Defendants motion to dismiss. **(See Blackburn Affidavit, Ex. 13)**.

      d.  <u>The Plaintiffs have a meritorious claim:</u>

As evidenced by Judge Brodies' September 25, 2022, opinion and order, the Plaintiffs have a meritorious claim. Defendants do not and cannot dispute this. The Plaintiffs will suffer a grave injustice as several of them will lose their ability to receive compensation for their stolen wages due to the expiration of the statute of limitations if any part of this case is dismissed or severely reduced. Plaintiff should not be punished due to the unethical actions of a deceptive process server who took full responsibility for the mere five-day delay in the timely service of the summons and Complaint according to CPLR § 205(a). As detailed earlier, despite the delay, the service of process was timely according to CPLR § 306-b.

In *Miller v. Green*, No. 05-CV-2548 (CBA), 2008 U.S. Dist. LEXIS 59887, at *10 (E.D.N.Y. August 6, 2008. The Court also rejects Green's argument that he has been greatly prejudiced as a result of receiving untimely service. Although this Circuit has noted that a defendant may be "harmed by a generous extension of the service period beyond the limitations period for the action, especially if the defendant had no actual notice of the existence of the complaint until the service period had expired," the Court has found good cause for the delay in this case. *Zapata*, 502 F.3d at 198. The prejudice to the Defendant in delayed service is not, in the Court's estimation, outweighed by the harm that would be suffered by the Plaintiff if his claims were dismissed without recourse. *Id*.

Thank you for your time and attention.

Respectfully Submitted,

*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

*Cc*: all counsels for record vis ECF.