**United District Court Eastern District Of New York**

| | |
|---|---|
| Daniel Moyle, et al.,<br>　　　　　　　　　Plaintiff,<br><br>~against~<br><br>United Parcels Service, Inc. et al.,<br>　　　　　　　　　Defendants. | Index Number: 1:24-cv-03880<br><br>**Affirmation In Opposition To Defendant's Motion To Dismiss And In Support Of Plaintiffs' Cross-Motion For Extension Of Time To Server Complaint On Defendants United Parcels Service, Inc.** |

　　　　Tyrone A. Blackburn, Esq., an attorney duly admitted to practice law before the Courts of this State, does hereby affirm the truth of the following statements, under penalty of perjury, and according to CPLR § 2106:

1. I am the Founder of the law firm T. A. Blackburn Law, PLLC., attorneys for Plaintiffs Daniel Moyle, Roy Welsh, Carlos Palaguachi, Robert Santiago, Ahmed Radwan, Tyler Lilly, Travis Steele, and Warren Payne ("Plaintiffs") in the above-captioned proceeding.

2. I submit this affirmation in opposition to the motion by defendant United Parcels Service, Inc., which seeks to dismiss Plaintiff's Complaint with prejudice according to CPLR § 3211(a)(5) and CPLR § 205(a), as well as in support of Plaintiffs' cross-motion for an extension of time to serve their complaint on Defendants United Parcels Service.

3. It is important to note that the Plaintiff's complaint was timely served within 120 days as required by CPLR § 306-b.

## **BACKGROUND FACTS**

4. On or about March 18, 2020, Daniel Moyle, Roy Welsh, Fari Murray, Carlos Palaguachi, Robert Santiago, Ahmed Radwan, Tyler Lilly, Travis Steele, and Warren Payne (collectively, the "Murray Plaintiffs"), filed an action in the United States District Court for the Eastern District of New York, entitled Murray, et al. v. UPS, et al., Docket No. 1:20-cv-1427 (the "First Federal Court Action").

5. Plaintiff incorporates by reference the Declaration of Defendant counsel, Leslie A. Lejawski, Esq. ("Lejawski Decl."). Specifically, Plaintiff incorporates by reference the First Federal Court Action. Lejawski Decl., attached at Ex. A, ¶ 3.

6. On October 26, 2023, the First Federal Court Action was dismissed without prejudice. Lejawski Decl., Order of Dismissal at Ex. B.

1

7. According to CPLR § 205(a), the Murray Plaintiffs had six months to refile their claims.
8. Therefore, Plaintiff's deadline to re-file the Complaint was April 26, 2024. The Plaintiffs filed the instant action (the "State Court Action") on January 28, 2024.
9. On February 12, 2024, I contacted Leslie Lejawski, counsel for United Parcel Service, and Laura Watanabe, counsel for William Grey and Lloyd Hall ("the individual defendants"). I informed the defendants that the lawsuits for the Murray Plaintiffs were filed.
10. I asked them if they would waive the service of process, as it would be the decent thing to do since the parties had been in litigation for close to five years and were well-versed in all of the Plaintiffs' claims after they lost several motions to dismiss in the Eastern District of New York (**See Exhibit 1**).
11. To her credit, Ms. Lejawski immediately responded and said she would speak with her client. (**See Exhibit 2**).
12. Unfortunately, Ms. Watanabe did not respond.
13. On February 21, 2024, Ms. Lejawski informed me that her client had not allowed her to accept service. (**See Exhibit 3**). Ms. Watanabe did not respond.
14. Unfortunately, of the six lawsuits filed, at least three had clerk errors.
15. Unfortunately, the King County Clerk's office made an error docketing Tyler Lilly and Travis Steele's lawsuits. (**See Exhibit 4**).
16. It took an unanswered email, several unanswered phone calls, several unreturned voice messages, and in-person visits to the Kings County Court Clerk's Office to have them correct the docketing error.
17. On April 5, 2024, I hired We Serve Law, a subsidiary of Lexitas, to serve the Defendants with five complaints to their New York State agent located at C/O Corporation Service Company at 80 State Street, Albany, NY 12207. (**See Exhibit 5**).
18. Unfortunately, the clerk's office still had a docketing error for Tyler Lilly's complaint, which was finally corrected on June 12, 2024. (**See Exhibit 6**).
19. I paid We Serve Law an additional $100.00 for priority service. (**See Exhibit 7**).
20. With priority service, the documents were to be delivered by April 7, 2024. We Serve Law confirmed receipt of my order and payment and advised that the document was dispatched for service. (**See Exhibit 8**).

2

21. The only thing I was waiting for was the affidavit of service, which would have been mailed to me once the process server had notarized it.
22. On May 1, 2024, I sent a courtesy email to Ms. Lejawski and Ms. Watanabe, informing them that their client had not appeared in the case and that the Plaintiff would move for default judgment if they did not. (**See Exhibit 9**).
23. I then emailed We Serve Law asking for the affidavit with the intention of filing a motion for default in Kings County State Court (**See Exhibit 10**).
24. I received an affidavit from We Serve Law via email on May 2, 2024. (**See Exhibit 11**).
25. I assumed the affidavit of service was incorrect as it was not notarized, and the date of service was wrong. We Serve Law made me believe that the date of service was supposed to be April 7, 2024.
26. I called We Serve Law for an explanation, as it was customary for a process server to take time to mail the affidavits, and many times, there are errors on the affidavits that require corrections.
27. We Serve Law advised they would contact the process server and inquire about the validity of the affidavit. At that time, I learned for the first time that We Serve Law hired a third party to execute the service.
28. The defendants appeared in the cases on May 30, 2024, and moved to transfer this case to the Eastern District of New York.
29. It was not until June 3, 2024, that I learned that this case was served on May 2, 2024, and not April 7, 2024, as We Serve Law had led me to believe.
30. I contacted We Serve Law for an explanation, and they provided an affidavit. (**See Exhibit 12**).

## ARGUMENT
**Defendants Motion to Dismiss Plaintiffs' Complaint Should Be Denied and Plaintiffs Cross-Motion For An Extension Of Time To Serve His Complaint
On Defendants Should Be Granted**

31. According to CPLR § 306-b, in relevant part, service of the Summons and Complaint "shall be made within one hundred twenty days after the commencement of the action or proceeding…[i]f service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service."

3

32. Plaintiffs May 2, 2024, service of the summons and complaint was timely according to CPLR § 306-b.

33. In a companion action for Fari Murray currently pending in Kings County Supreme Court, in their motion to dismiss[1], Defendants concede that this Court has the power to extend the deadline for Plaintiff to perfect service of the summons and complaint (which Defendants acknowledged was completed on May 2, 2024, a mere five days after the CPLR § 205(a) deadline but was timely pursuant to CPLR § 306-b), if Plaintiff can demonstrate "good cause." Conveniently, Defendant omitted the part of the statute that states, "or in the interest of justice."

34. Many courts in this state have extended the time to perfect the service of process when the Plaintiff filed and attempted to perfect it in a timely manner, but due to the process server's negligence or deception, the service of process was not perfected properly.

35. In *Murphy v. Reuben Hoppenstein, M.D.*, 279 A.D.2d 410, 720 N.Y.S.2d (1st Dept. 2001), the Court denied the Defendant's motion to dismiss and granted the plaintiff cross-motion for an extension of time to re-serve under CPLR § 306-b.  The Court reasoned that the Plaintiff acted reasonably diligent in attempting to effect service.

36. *Murphy* supports Plaintiffs' position and states that an extension of the CPLR § 306-b 120-day period to effect service "should be liberally granted whenever plaintiffs have been reasonably diligent in attempting service… regardless of the expiration of the Statute of Limitations after filing and before service." (*Murphy* at 63 quoting Mem.  Of Off.  Of Ct. Admin.  #97-67R, 1997 N.Y. Legis, Ann, at 319; *see also, Griffin v. Our Lady of Mercy Med.  Ctr.*, 276 A.D.2d 391 (1st Dept. 2000).

37. The express language of CPLR § 306-b gives the Court two options: dismiss the action without prejudice or extend the time for service in the existing action.

38. *Leader v. Maroney, Ponzini & Spencer*, 97 N.Y.2d 95, 761 N.E.2d 1018 (2001) is the seminal case in this matter wherein the Court of Appeals elaborated that CPLR § 306-b is comprised of two separate grounds for extensions; "good cause" and "in the interest of justice," which are defined but separate criteria.

---

[1] The Defendants filed a Motion to Dismiss the State Complaint for Fari Murray on May 30, 2024.  Ironically, they did not see fit to move Mr. Murrays complaint to Federal Court, as they did with Mr. Moyles case.  Presumably because Judge Margo Brodie dismissed with for lack of subject matter jurisdiction.  This is further evidence of Defendants bad faith removal.

4

39. When requesting an extension based on "good cause," a plaintiff must show that failure to serve the process in a timely manner was a result of exceptional circumstances beyond his control. (see *State v. Stella*, 185 Misc.2d 549, 713 N.Y.S.2d 262 (2000)). On the contrary, an extension in the "interest of justice" is much broader and flexible. The broad flexibility was a specific mandate of the legislature in order to bring the New York law in line with its federal counterpart Fed. R. Civ P. 4(m). (see *Leader* at 105). Furthermore, while the "good cause" prong requires a finding of reasonably diligent efforts on the Plaintiff, such reasonable diligence need not be proven for an extension request premised on the "interest of justice" prong. *Id* at 104.

   a. **Extension in the "Interest of Justice"**

40. Even in cases where a Plaintiff fails to act reasonably diligent in attempting to effect proper service of process, thus failing to establish "good cause," courts may nevertheless grant such a plaintiff's extension of time to effect proper service in the "interest of justice." (*see e.g., Moundrakis v. Dellis*, 96 A.D.3d 1026, 947 N.Y.S.2d 575 (2d Dept. 2012)).

41. The New York State Bar Association Commercial and Federal Litigation Section Committee on Civil Practice Law and Rules has explicitly characterized the interest of justice standard as broader and more flexible than the good cause standard. Specifically, "CPLR § 306-b provides for *an additional and broader standard*, i.e., the 'interest of justice,' to accommodate late service that might be due to mistake, confusion, or oversight, so long as there is no prejudice to the defendants." (*Henneberry v. Borstein*, 91 A.D.3d 493, 937 N.Y.S.2d 177, 180 (1st Dept. 2012) citing *Leader* at 104-105).

42. In *Leader*, the Court of Appeals set forth factors a court may consider in determining whether to grant a plaintiff's motion for an extension in the interest of justice." "[T]he court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the State of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to the defendant." *Leader* at 105-106.

43. Additional factors that courts have held in favor of an extension include timely service within the 120 days allowed by CPLR § 306-b, which was later found to be defective and the fact that defendants had actual notice of the claim and/or of the action. *See Chiaro v. D'Angelo*, 7

5

A.D.3d 746, 776 N.Y.S.2d 898; *Rosenzweig v. 600 North Street, LLC.*, 35 A.D.3d 705, 826 N.Y.s.2d 68- (2d Dept. 2006).

44. Here, I was diligent in providing Defendants with notice of the litigation. I was diligent in submitting the lawsuit for service of process and paid an additional $100 for expedited 3-day service more than 21 days before the expiration of the statute of limitations. I was made to believe by We Serve Law that the complaint was dispatched for service on April 5, 2024, and was served on April 7, 2024. I was made to believe that the affidavit of service would be notarized, signed, and mailed to my office.

45. I was so confident that service had been completed that I emailed the defendants to let them know their answer in the complaint was late and that I was preparing to file a motion for default judgment.

46. I only learned that the service process was not completed in time upon receiving the instant motion on June 3, 2024. Conveniently absent from the Defendants' motion papers is the fact that they had actual notice of this lawsuit in February and intentionally refused to waive service of process, causing the Plaintiff to incur the unnecessary cost of paying for service of process.

47. Courts have held that "granting plaintiff the opportunity to pursue this action is not consistent with the 'interest of justice' exception set forth in CPLR § 306-b, but also with our strong interest in deciding cases on the merits where possible." *Henneberry* at 181.

48. The Court of Appeals granted an extension of time according to the interest of justice standard in *Scarabaggio v. Olympia & York Estates, Leader v. Maroney. Leader* at 102.

49. In *Scarabaggio*, the Plaintiff's attorney hired a process server, who unsuccessfully attempted to serve the Defendant and subsequently failed to notify the Plaintiff that the Defendant relocated and that service was not made. The Plaintiff's attorney proceeded with the actions as if service had been made, and the Plaintiff made a motion for an extension of time to serve according to CPLR § 306-b one month after the 120 days expired. *Id*.

50. In *McKenny v. Beth Abraham Family of Health Services*, 2011 WL 11024955 (N.Y. Sup.), 2011 N.Y. Slip Op. 33711(U), the plaintiffs served the Defendant within the 120-day time period; however, the plaintiffs' counsel became aware that such service was improper only when the Defendant moved to dismiss the case. Upon learning the same, the plaintiffs cross-moved for an extension of time to serve process. The Court granted the plaintiffs' motion, relying on the factors set forth in *Leader*, particularly emphasizing that the Statute of

6

Limitations had expired, that the Plaintiff had a meritorious action, and that there was no evidence indicating the Defendant had been prejudiced. Specifically, the Court found that the Defendant failed to establish that "as a result of the plaintiff's failure to properly serve it timely of plaintiff delay in seeking an extension, the defendant has lost some special right, or incurred some change of position or some significant expense." *Id*. (See also, Sutter v. Reyes, 60 A.D.3d 448 (1st Dept. 2009).

51. In *Lippett v. Education Alliance*, 14 A.D.3d 430, 789 N.Y.S.2d 11 (1st Dept. 2005), the Plaintiff made a good faith effort in serving the Defendant, and the Defendant received actual notice of the claim within the 120-day period and before the expiration of the statute of limitations on the negligence claims. However, upon being alerted to the service being defective, the Plaintiff did not attempt to re-serve the Defendant. The Court granted the Plaintiff's motion for an extension of time, irrespective of the fact that the Plaintiff made no effort to re-serve the Defendant. The Court reasoned that the Plaintiff's failure in attempting to re-serve the defendant "upon receiving its answer alerting counsel to the problem with service should not preclude an extension in the interest of justice, particularly where the defendant received actual notice of the action and shows no prejudice from the delay and the statute of limitations expired in the interim." *Id*. at 12.

52. In *Rochester v. Cnty. of Nassau*, No. 611519/2019, 2021 N.Y. Misc. LEXIS 58094, at *14-16 (Sup. Ct. August 27, 2021, an action brought under CPLR §205 [a] can receive from the Court an extension of time to serve the defendants under CPLR 306-b. (See *Marinelli v Sroka,* 8 Misc. 3d 863, 866 [Sup Ct, Nassau County 2005] ("the Court determines that late service can be excused in a § 205(a) action as it can in seminal actions in the interest of justice."). Under all of the circumstances presented, and considering the nature of the claims and the fact that McCarthy has already been a defendant in the Federal Action based on the same claims, the Court is satisfied that the Plaintiff has satisfied both the "good cause" and "interest of justice" standards set forth in CPLR § 306-b. *Rochester v. Cnty. of Nassau*, No. 611519/2019, 2021 N.Y. Misc. LEXIS 58094, at *14-16 (Sup. Ct. August 27, 2021).

53. Here, just like in Rochester, the Defendants have already been defendants in the Federal Action based on the same claims. Defendants, like the Defendant in *Lippett*, received actual notice of the action and, like the Defendant in McKenney, have failed to show prejudice from the delay

in service. As detailed in **Exhibit 1**, I provided the Defendant's counsel with a copy of the filed summons and complaint and asked her if her client would waive service of process.

54. It is important to note that the Defendant's counsel conveniently left out of her letter, motion, and affidavit that she was notified of the summons and complaint via email.

55. It is important to note that in the affidavit of the Defendant's counsel and the Defendant's motion papers, the Defendants did not argue that due to the Plaintiff's failure to timely serve, the Defendants lost some special right, incurred some change in position, and/or incurred some significant expense.

56. Furthermore, the Plaintiff's action is meritorious, as evidenced by the **58-page** opinion of Eastern District of New York Chief Judge Margo Brodie *denying* the Defendant's motion to dismiss the Plaintiff's complaint (**See Exhibit 13**). The Defendants' moving papers are void of any attempt to dispute this fact.

57. Unfortunately, despite the timely commencement of the action with the filing of the Summons and Complaint, the plaintiff's claims against the Defendants would be extinguished without an extension of time to re-serve pursuant to CPLR § 205(a). This is even though the summons and complaint were timely served pursuant to CPLR § 306-b.

58. Despite the current untimely status of the Plaintiff's causes of action, according to the *Leader* factors, courts typically find that the expiration of the Statute of Limitations strongly supports granting a plaintiff's motion for an extension of time. (*See, e.g., Beauge v. New York City Transit Authority*, 282 A.D.2d 416, 722 N.Y.S.2d 402 (2d Dept. 2001)).

59. Plaintiffs have met all of the *Leader* factors, and accordingly, in the interest of justice, Defendants' motion to dismiss should be denied. Similarly, the Plaintiffs' cross-motion for an extension of time to serve the Summons and Complaint pursuant to CPLR § 205(a) on Defendants should be granted.

60. Specifically, the statute of limitations on the Plaintiffs' claims has expired pursuant to CPLR § 205(a), Plaintiff has a meritorious cause of action, the defendants have failed to indicate it will be prejudiced in any way if the Plaintiff has the opportunity to perfect service of process, Plaintiff was diligent in hiring a licensed process server to serve the defendants with the 120-day period required by CPLR § 306-b, and paid additional money to perfect service within three days, plaintiffs' counsel was made to believe that service of the summons and complaint was timely served on the defendants on April 7, 2024, the Plaintiff emailed the Defendant

counsel a copy of the filed summons and complaint, defendants participated in and were very aware of the claims in Plaintiff's complaint from the lawsuit that was filed in Federal court, and Plaintiff made the instant cross-motion as soon as they learned service on defendants was defective.

61. Ultimately, because the defendants already had notice of the suit, they suffered no prejudice, and the Plaintiff was granted an extension of time to re-serve his complaint. However, denying the Plaintiffs' cross motion would cause the Plaintiff the ultimate prejudice: his action would be barred by the statute of limitations. Such a result would create a boon for the defendants and a hardship for the Plaintiff.

   a. **Extension for "Good Cause"**

62. In the alternative, should this Court not deny the defendants' motion and grant the Plaintiffs' cross-motion in the "interest of justice," the Plaintiffs have acted reasonably diligently in attempting to serve the defendants with the process, thus warranting extension under the "Good cause" standard.

63. The "good cause" standard requires "a showing of reasonable diligence in attempting to effect service upon a defendant." *Henneberry* at 180. "[G]ood cause may be found to exist where the Plaintiff's failure to timely serve prices is a result of circumstances beyond the Plaintiff's control. (internal citation omitted) *Bumps v. New York City Transit Authority*, 66 A.D.3d 26, 833 N.Y.S.2d 99, 105 (2d Dept. 2009).

64. As previously stated, Plaintiff hired a national process-serving company, We Serve Law, to serve the Defendants via C/O Corporation Service Company at 80 State Street, Albany, NY 12207.

65. Plaintiffs' Counsel, Tyrone Blackburn, was made to believe and reasonably believed the parties in this action were properly and timely served with process because he hired a process server licensed by the State of New York to serve the defendants.

66. Ultimately, the Defendants received actual notice of the instant action via email on February 12, 2024. I emailed a copy of the summons and complaint and requested that they waive service of process.

67. The Plaintiff was unaware that the service was defective until they received the Defendant's motion to dismiss on June 3, 2024.

68. Upon learning of the defective service of May 2, 2024, Plaintiff was unable to reserve defendants before the 6-month period for service according to CPLR § 205(a). It is important to note that the May 2, 2024, service was timely according to the 120-day period for service under the CPLR § 306-b.
69. The Defendants are relying on CPLR § 205(a) to escape liability for their actions, completely disregarding the fact that they were timely served according to CPLR § 306-b.
70. Defendants are correct that Plaintiff's underlying claims are time-barred. Thus, Plaintiff acted reasonably diligent in pursuing his only option by opposing the instant motion and cross-moving for an extension of time to serve the complaint under CPLR § 205(a), even though Defendants were timely served according to CPLR § 306-b despite the fact that they intentionally and inexplicably denied plaintiffs reasonable request to waive service of process.
71. Wherefore, it is respectfully requested that the Defendant's motion to dismiss be denied in its entirety, that Plaintiff's cross-motion for an extension of time to serve the Summons and Complaint on the Defendants be granted, and that the Court grant such other and further relief may be just, proper, and equitable.

Dated: Brooklyn, New York

June 18, 2024

By:  Tyrone A. Blackburn, Esq.

　　　/s/ Tyrone Blackburn　　　
T. A. Blackburn Law, PLLC
1242 E. 80th Street, 3rd Floor
Brooklyn, NY 11236
P: 347-342-7432
E: Tblackburn@tablackburnlaw.com

10