

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*ATTORNEYS AT LAW*

10 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone:  973-656-1600
Facsimile:   973-656-1611
www.ogletree.com

Leslie A. Lajewski
leslie.lajewski@ogletree.com

June 20, 2024

**VIA ECF Filing**
The Honorable LaShann DeArcy Hall
United States Magistrate District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      RE:  *Daniel Moyle et als v. United Parcels Service, Inc.*
            Civil Action No. 1:24-cv-03880-LDH-JRC_____

Dear Judge Hall:

     We represent Defendant United Parcel Service, Inc., improperly pled as United Parcels Service, Inc., ("UPS") in the above-referenced matter.  We are writing to object to the filing made by Plaintiffs yesterday, June 19, 2024.  While the filing purports to be Plaintiffs' response to UPS's pre-motion conference letter, the filing is in direct contravention of the Court's Individual Practices.

     Pursuant to the Court's Individual Practices, in response to UPS's pre-motion letter, Plaintiffs were required to "file a letter response not to exceed three (3) pages either opposing the motion or advising the Court that it does not intend to oppose the motion."  Instead, Plaintiffs filed the following:

- a 4-page letter brief, which, among other things, raises allegations of lack of jurisdiction under CAFA, seeks an extension of time to serve the Complaint upon UPS, seeks to stay UPS's proposed motion to dismiss, and seeks to remand the case to state court;

- a 10-page "Affirmation In Opposition To Defendant's Motion To Dismiss And In Support of Plaintiffs' Cross-Motion for Extension Of Time To Server (*sic*) Complaint On Defendants (*sic*) United Parcels (*sic*) Service, Inc.," which, among other things, improperly contains numerous legal arguments and citations; and

- thirteen separate exhibits, which vary in length and include a 58-page Memorandum and Opinion from Plaintiffs' former federal lawsuit.

These documents are clearly outside the filing parameters permitted by the Court's Individual Practices and Rules, and UPS submits that Plaintiffs' disregard for the Court's Individual Practices is knowing and intentionally and warrants the filing being stricken from the record.

**A South Carolina Professional Corporation** ▪ Steven J. Luckner ▪ New Jersey Managing Shareholder

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Bloomfield Hills ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville
Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis ▪ Montréal (Canada)
Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

The Honorable LaShann DeArcy Hall, U.S.D.J.
June 20, 2024
Page 2

In particular, on Wednesday, June 12, Mr. Blackburn wrote to me, asking for consent to extend the deadline to file an opposition to UPS's motion to dismiss in all of the related cases.[1] On Thursday, June 13, I responded to Mr. Blackburn and explained that in the *Welsh* and *Moyle* single plaintiff cases, neither side could file a motion until "hearing back from the respective judges granting us permission to file such motions and setting motion filing schedules, or scheduling a pre-motion conference with us to discuss both of our requests. Because of that, there is no deadline right now for filing any motions in those cases."

With regard to the instant case, I explained to Mr. Blackburn that, pursuant to the Court's Individual Practices, Plaintiffs' 3-page letter in response to UPS's request for a pre-motion conference was already overdue. I stated that "[i]f you need a few more days to get that in, we have no objection to giving you until next Tuesday, 6/18. I would just ask that you contact the Court and confirm that the Judge will allow such a late filing and confirm to me that the request was granted." (*See* email exchanged attached hereto.) Clearly, counsel did not contact the Court to seek an extension, as evidenced by the Court's June 18 Order, which set forth that "[i]n direct contravention of the Court's Individual Practices," Plaintiffs had failed to file a response to UPS's pre-motion conference letter.

The Court's Individual Practices and my June 13 email to Mr. Blackburn make clear that Plaintiffs were to file a 3-page letter in response to UPS's letter and that no motion practice was to take place at this time. Despite this, on June 19, Plaintiffs filed the 4-page letter, the 10-page affirmation, and the 13 exhibits. Plaintiffs filed similarly inappropriate "oppositions" in the *Moyle* and *Welsh* cases on Friday, June 14. (*See Moyle v. UPS,* 24-cv-03874-CBA-LD at ECF Dkt. No. 10; *Roy Welsh v. UPS,* 24-cv-03876-AMD-PK at ECF Dkt. No. 10.)

USP respectfully contends that this procedural history evidences a knowing and intentional disregard for the Court's Local Practices and Rules by Plaintiffs. Because of this, UPS respectfully requests that Plaintiffs' June 19, 2024 filing (ECF Dkt No. 8) be stricken from the record.

                    Respectfully submitted,

                    OGLETREE, DEAKINS, NASH,
                    SMOAK & STEWART, P.C.

                    */s/ Leslie A. Lajewski*
                    Leslie A. Lajewski

Encl.
cc: Tyrone A. Blackburn, Esq. (via ECF and email)

---

[1] The related cases are: (1) the instant matter, *Moyle, et als. v. United Parcel Services, Inc.*, 24-cv-03880-LDH-JRC (EDNY); (2) *Moyle v. United Parcel Service, Inc.,* 24-cv-03874-CBA-LD (EDNY); (3) *Roy Welsh v. United Parcel Services, Inc. and Lloyd Hall,* 24-cv-03876-AMD-PK (EDNY); and (4) *Fari Murray v. United Parcels Service, Inc. and William Gray*, 502791/2024 (New York, Kings County Supreme Court).

The Honorable LaShann DeArcy Hall, U.S.D.J.
June 20, 2024
Page 3

## CERTIFICATE OF SERVICE

I am over the age of 18 and not a party to this action.  On this date,

**Defendant United Parcel Service, Inc.'s Letter Requesting Plaintiff's June 19, 2024 Filing Be Stricken**

was electronically filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel of record for Plaintiff as follows:

> Tyrone A. Blackburn, Esq.
> T.A. Blackburn Law, PLLC
> 1242 E. 80th Street, 3rd Floor
> Brooklyn, New York 11236
> tblackburn@tablackburnlaw.com
> *Attorneys for Plaintiffs Daniel Moyle, et als.*

I declare under penalty of perjury that the foregoing is true and correct.

>                               */s/ Leslie A. Lajewski*
>                               Leslie A. Lajewski, Esq.

Dated:  June 20, 2024

# EXHIBIT A

| | |
|---|---|
| **From:** | Lajewski, Leslie A. |
| **Sent:** | Thursday, June 13, 2024 10:42 AM |
| **To:** | Tyrone Blackburn |
| **Cc:** | Paxton, Daniel T.; Bellifemine, Thomas L.; Falcone, Elizabeth A.; Vera, Cynthia M. |
| **Subject:** | RE: Fari Murray Motion to Dismiss |

Good morning Tyrone,

I am so sorry that you were hacked and that all your case file folders were deleted.  That is just awful.

With regard to the motion to dismiss in Murray, the Court *sua sponte* moved the return date from Jun 28, 2024 to September 12, 2024 when it assigned the motion to Judge Heela Capell.   Because of that, you have plenty of time to get in your opposition.  Pursuant to CPLR 2214(b), we requested that plaintiff file any opposition papers at least 16 days before the return date, so you now have until August 26, 2024 to file your papers.

With regard to the Welsh and Moyle single plaintiff cases in the EDNY, I do not believe either side can file a motion (for you a motion to remand, for us a motion to dismiss) until we have heard back from the respective judges granting us permission to file such motions and setting motion filing schedules, or scheduling a pre-motion conference with us to discuss  both of our requests.  Because of that, there is no deadline right now for filing any motions in those cases.

As to the Moyle class action, pursuant to Judge Hall's Individual Practices and Rules, I believe your 3-page letter in response to our request for a pre-motion conference was due on Tuesday, 6/5 (5 days after our 6/6 letter was filed).  If you need a few more days to get that in, we have no objection to giving you until next Tuesday, 6/18.  I would just ask that you contact the Court and confirm that the Judge will allow such a late filing and confirm to me that the request was granted. You can represent that you have our consent to the extension.

Regards,

Leslie

**Leslie A. Lajewski | Ogletree Deakins**
10 Madison Avenue, Suite 400 | Morristown, NJ 07960 | Telephone: 973-630-2322
leslie.lajewski@ogletree.com | www.ogletree.com | Bio

---

**From:** Tyrone Blackburn <tblackburn@tablackburnlaw.com>
**Sent:** Wednesday, June 12, 2024 9:17 PM
**To:** Lajewski, Leslie A. <leslie.lajewski@ogletreedeakins.com>
**Cc:** Paxton, Daniel T. <daniel.paxton@ogletreedeakins.com>; Bellifemine, Thomas L. <thomas.bellifemine@ogletreedeakins.com>
**Subject:** Fari Murray Motion to Dismiss

[Caution: Email received from external source]

Good evening Leslie,

I apologize for the late request, but I would like consent to extend the deadline for me to oppose the motion to dismiss for Fari Murray. You may not be aware of this, but I am involved in multiple cases against Sean Combs

1

and several records labels. Recently, all of my electronic devices were hacked and all of my case file folders were deleted. I filed a report with the SDNY, DHS, and IC3. I do have a colorable opposition to your motion, as I was made to believe that service was completed on April 7th. I have a sworn affidavit from the process serving company which explains what occurred. I need additional time to file my opposition, as all of my work has been deleted.

I am requesting a 14 day extension of my time to oppose. I will respectfully request the same for the remaining cases. Kevin Mahoney is working on the opposition, and motion to remand for the class case.

Regards,

Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC.
Phone: 347-342-7432
TABlackburnlaw.com