# T. A. BLACKBURN LAW

TYRONE A. BLACKBURN
‾‾‾‾‾
MEMBER OF
NY, DC, & NJ BAR
‾‾‾‾‾
FEDERAL MEMBERSHIP
EDNY, NDNY, SDNY, & DNJ
‾‾‾‾‾
1242 EAST 80TH STREET, 3RD FLOOR
BROOKLYN, NY 11236

May 19, 2025

**Via ECF**
Honorable Judge LaShann DeArcy Hall, U.S.D.J.
United States District Court,
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Daniel Moyle, et al. v. United Parcels Service, Inc., et al.. No. 1:24-cv-3880**

Dear Judge Hall,

Following today's in-person conference, we respectfully submit this letter to clarify an important point regarding the timeliness of Plaintiffs' claims under the New York Labor Law ("NYLL").

We acknowledge the Court's determination that CPLR § 205(a) has not been satisfied, given that Defendants were served on May 2, 2024. Notwithstanding this procedural determination, we wish to emphasize that a significant portion of the Plaintiffs' claims independently remain timely under the six-year statute of limitations applicable to NYLL claims.

Specifically, Plaintiffs Robert Santiago, Tyler Lilly, Travis Steele, Ahmed Radwan, Warren Payne, Roy Welsh, Daniel Moyle, and Carlos Palaguachi each concluded their employment after January 31, 2014. Accordingly, their respective claims arising from employment dates within the six-year statutory period (January 31, 2018, to present) remain viable and timely under NYLL § 198(3).

For the Court's convenience, the relevant dates are provided below:

| **Plaintiff** | **Employment End Date** | **Claims Timely Under NYLL?** |
|---|---|---|
| Robert Santiago | October 18, 2020 | Yes |
| Tyler Lilly | March 2022 | Yes |

  347-342-7432   tblackburn@tablackburnlaw.com   TABlackburnlaw.com



| Travis Steele | May 2021 | Yes |
| --- | --- | --- |
| Ahmed Radwan | October 1, 2018 | Yes |
| Warren Payne | June 2018 | Yes |
| Roy Welsh | July 20, 2019 | Yes |
| Daniel Moyle | August 21, 2019 | Yes |
| Carlos Palaguachi | May 2018 | Yes |

During the conference, Your Honor referenced Judge Donnelly's Order and Opinion in *Welsh v. UPS, 1:24-cv-3876 (AMD)(PK)*. In *Welsh v. UPS et al.*, 1:24-cv-3876, Judge Donnelly noted explicitly the Court's mindfulness of the implications of dismissing claims for procedural reasons:

> "Because the Court **could not extend the time for service without reviving claims that would otherwise be time-barred**, the Court would be conducting its own balance of the relative purposes of the tolling provision, on the one hand, and the statute of limitations doctrine, on the other. The Court is mindful of the consequences of its decision, which will deprive the plaintiff of an adjudication on the merits, which he deserved."

We respectfully highlight a critical distinction between the instant matter and Judge Donnelly's decision. In *Welsh*, Judge Donnelly determined not only that CPLR § 205(a) had not been satisfied, but also explicitly found that the underlying substantive claims themselves were untimely. By contrast, in this matter, as of the date of filing, January 31, 2024, Plaintiffs' underlying claims under the New York Labor Law remain timely and fully actionable within the applicable six-year statute of limitations period.

Consistent with Judge Donnelly's recognition of the severe consequence of depriving plaintiffs of a merits-based adjudication, we urge this Court to consider the independent timeliness of Plaintiffs' claims under the NYLL statute of limitations, particularly given the extensive history of this litigation and the fact that these claims have already survived a motion to dismiss in prior federal proceedings.

Should Your Honor desire a full briefing on this issue, Plaintiffs would be prepared to provide it promptly.



Thank you for your time and attention.

Respectfully Submitted,

*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

*Cc*: all counsels for the record via ECF.

